# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERTA KING-GRIGGS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-10-888-D |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability and supplemental security income benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Robert E. Bacharach for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B).

On May 18, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 18] in which he recommended the Court affirm the Commissioner's denial of Plaintiff's application for benefits. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a

reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In support of her request for reversal of the Commissioner's decision, Plaintiff contends the ALJ erred in failing to apply the correct legal standard to evaluate her claimed mental impairment and in failing to include specific mental limitations in the assessment of her residual functional capacity ("RFC"). In the Report and Recommendation, the Magistrate Judge considered and rejected both contentions. However, he also considered and discussed additional specific issues which appeared to have been raised in Plaintiff's initial arguments. In her objection to the Report and Recommendation, Plaintiff states it was unnecessary to consider these additional arguments because she did not intend to raise them; instead, she intended to assert only the two broad arguments regarding the alleged error in the ALJ's application of the legal standard regarding mental impairments and the RFC assessment.

The Court has carefully reviewed the Report and Recommendation, which sets out a detailed discussion of the law governing the evaluation of claimed mental impairments and related potential work limitations and applies the same to the evidence in this case. In the Report and Recommendation, the Magistrate Judge discussed the findings and conclusions of the ALJ with

2

regard to these issues; he concluded the ALJ correctly applied the law, and the ALJ's decision was supported by substantial evidence in the record. Plaintiff's initial brief included numerous arguments regarding the applicable law, the evidence, and the ALJ's application of the evidence. The Magistrate Judge addressed these additional contentions in his analysis and evaluation of Plaintiff's contentions. Even if the Magistrate Judge considered specific issues which Plaintiff now states were not intended to be raised in her initial briefing, those considerations do not render the Report and Recommendation inaccurate or warrant its rejection.

Furthermore, the Report and Recommendation includes the consideration and analysis of the two issues Plaintiff discusses in her objection. The appropriate legal standard for assessing claimed mental impairments is discussed at pages 2 and 3 of the Report and Recommendation, and the manner in which the ALJ applied that standard is discussed in detail at pages 3 through 11. That discussion includes the ALJ's references to evidence in the record in support of the application of the proper legal standard to the facts of this case. The Court agrees with the Magistrate Judge that the ALJ did not err in applying the governing law; furthermore, the Court agrees that substantial evidence in the record supports the propriety of the ALJ's application of the law to the specific facts of this case. With respect to the assessment of Plaintiff's RFC and her contention that the ALJ improperly failed to include appropriate limitations on her work-related functions, the Magistrate Judge concluded that the ALJ did not err in that assessment. Again, the Magistrate Judge correctly explained the governing law with regard to the analysis of a claimant's RFC and any limitations supported by the evidence; he further discussed in detail the ALJ's findings and the evidence supporting those findings. Report and Recommendation at pages 12-15. As the Magistrate Judge noted, the ALJ concluded Plaintiff could not perform her past relevant work; thus, an analysis of the

mental demands of her past work was not at issue. While considerations of any mental limitations supported by the evidence is appropriate in assessing a claimant's RFC, reports of mild or moderate nonexertional impairments do not compel inclusion of mental limitations in the RFC determination at step five of the required sequential analysis for Social Security disability claims.[1] *See, e.g. Flores v. Astrue*, 285 F. App'x 566, 570 (10th Cir. 2008) (unpublished opinion). That the ALJ did not identify such limitations in this case, given the evidence in the record, does not compel a finding of error. *Id.*

The Court agrees with the Magistrate Judge that the ALJ did not err in the application of the law, and the ALJ's conclusions are supported by substantial evidence in the record. Plaintiff's objections do not warrant rejection of the Report and Recommendation.

Accordingly, having reviewed the matter *de novo*, the Court concludes the Magistrate Judge correctly analyzed the legal standards and the evidence and properly determined the ALJ did not err in determining Plaintiff is not disabled within the meaning of the Social Security Act. The Report and Recommendation [Doc. No. 18] is adopted as though fully set forth herein. The decision of the Commissioner is affirmed, and judgment shall enter accordingly.

IT IS SO ORDERED this 22nd day of June, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Commissioner applies a five-step inquiry to determine if a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f). Additional procedures are required to assess a claimant's mental impairments. 20 C.F. R. § 415.020a. Where examination of the first four steps establishes a *prima facie* showing that the claimant has one or more severe impairments and can no longer engage in his prior work, the burden "shifts to the Commissioner at step five to show that the clamant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [his] age, education, and work experience." *Grogan v. Barnhart*, 399 F. 3d 1257, 1261 (10th Cir. 2005).

4